(Reap. Dec. 10719)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

Entry No. 878, etc.

(Decided April 15, 1964)

*Stein & Shostak* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise and issues in the appeals for reappraisement enumerated in the Schedule of Cases attached hereto and made a part hereof are the same in all material respects as the merchandise and issues in *New York Merchandise Co., Inc.* v. *United States*, Reap. Dec. 10538, decided June 13, 1963, Treasury Decisions Advance Sheets Vol. 98, No. 25, page 46.

IT IS FURTHER STIPULATED AND AGREED as to the merchandise manufactured by Bando Rubber Co., Isshin Rubber (Gomu) Co., and Hodogoya Gomu Kogyo, covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, which is incorporated herein, that, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values ex-factory, net packed.

IT IS FURTHER STIPULATED AND AGREED as to the other merchandise covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is incorporated herein that on the dates of exportation thereof from Japan to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the invoice unit values plus a pro rata portion of the f.o.b. charges set out on the invoices, but not including the buying commission on said merchandise.

IT IS FURTHER STIPULATED AND AGREED that as to any of the merchandise on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases which is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress which is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938, that there was no higher foreign values for such or similar merchandise on the dates of exportation involved herein.

IT IS FURTHER STIPULATED AND AGREED that the footwear covered by the entries, the subject of the appeals for reappraisement enumerated in the attached Schedule of Cases, is unlike any articles manufactured or produced in the United States.

IT IS FURTHER STIPULATED AND AGREED that the appeals for reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find and hold as to the merchandise manufactured by Bando Rubber Co., Isshin Rubber (Gomu) Co., and Hodogoya Gomu Kogyo, covered by the pertinent entries the subject of the appeals for reappraisement enumerated in the attached schedule of cases, made a part of the decision herein, that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise manufactured by Bando Rubber Co., Isshin Rubber (Gomu) Co., and Hodogoya Gomu Kogyo and that such values for the merchandise in questions were the invoice unit values, ex-factory, net, packed.

I further find and hold as to the other merchandise covered by the pertinent entries the subject of the appeals for reappraisement enumerated in the attached schedule of cases, made a part of the decision herein, that export value, as that value is defined in section 402a(d) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise here involved and that such values for these other goods in question were the invoice unit values, plus a pro

rata portion of the f.o.b. charges set out on the pertinent invoices, but not including the buying commission on said merchandise.

Judgment will issue accordingly.